# STATE OF MICHIGAN

# COURT OF APPEALS

TROY A. STEWART,

        Plaintiff-Appellant,

v

ROBERT CHARLES LEE,

        Defendant-Appellee.

UNPUBLISHED
June 8, 2017

No. 331130
Bay Circuit Court
LC No. 14-003469-NZ

Before: BECKERING, P.J., and MARKEY and SHAPIRO, JJ.

PER CURIAM.

In this defamation action, plaintiff appeals as of right from the order of the trial court denying his motion for partial summary disposition pursuant to MCR 2.116(C)(10) (no genuine issue of material fact) and granting defendant's counter-motion for summary disposition pursuant to MCR 2.116(I)(2) (opposing party entitled to judgment). We reverse.

Plaintiff, the jail administrator at the Bay County Jail, sued defendant, a former Bay County Sheriff deputy and candidate for the office of Bay County Sheriff, after defendant made statements at a Bay County Commissioners' meeting accusing plaintiff of committing a felony by bringing a controlled substance into the jail for an inmate. Defendant's statements were later published on Bay 3 TV, a cable access channel, as well as on social media websites YouTube and Facebook. Defendant later reiterated his statements in a Freedom of Information Act (FOIA) request to the Bay County Sheriff's Office.

The substance plaintiff actually brought the inmate was Peridex, a medicated mouthwash that is only available by prescription.[1] The active ingredient in Peridex mouthwash, chlorhexidine gluconate, is not listed in any of the schedules of controlled substances under Michigan law and bringing it into the jail does not constitute a felony. See MCL 333.7104 and MCL 333.7211 to MCL 333.7220. Accordingly, defendant concedes, at least for purposes of this appeal, that his statement was substantively false. However, plaintiff's position as the administrator of the Bay County Jail renders him a public official for purposes of defamation

---

[1] Plaintiff testified at his deposition that he brought the Peridex because the inmate was experiencing dental pain for which the county jail was unable to provide him any treatment.

law. *Postill v Booth Newspapers, Inc*, 118 Mich App 608, 612, 619; 325 NW2d 511 (1982).[2] Therefore, in order to prevail on his defamation case, he was required to establish that defendant made defamatory statements with "actual malice." *J & J Constr Co v Brick Layers and Allied Craftsman, Local 1*, 468 Mich 722, 731; 664 NW2d 728 (2003). The trial court granted defendant summary disposition because it determined that plaintiff failed to show the existence of a genuine question of material fact on the issue of "actual malice."

"In considering a motion for summary disposition, a court must consider whether the evidence is sufficient to allow a rational finder of fact to find actual malice by clear and convincing evidence." *Ireland v Edwards*, 230 Mich App 607, 622; 584 NW2d 632 (1998). " 'Actual malice' exists when the defendant knowingly makes a false statement or makes a false statement in reckless disregard of the truth." *J & J Constr Co*, 468 Mich at 731. "[A] plaintiff must present sufficient evidence to justify a conclusion that the defendant made the allegedly defamatory publication with a high degree of awareness of the publication's probable falsity, or that the defendant entertained serious doubts as to the truth of the publication made." *Smith v Anonymous Joint Enterprise*, 487 Mich 102, 116; 793 NW2d 533 (2010) (internal quotations and citation omitted). "[A] 'purposeful avoidance of the truth' is dissimilar from the mere 'failure to investigate,' and 'a deliberate decision not to acquire knowledge of facts that might confirm the probable falsity' of a publication is sufficient to find reckless disregard." *Id.* at 117.

We conclude that the evidence in this case would be sufficient for a rational trier of fact to find by clear and convincing evidence that defendant's statements were made with reckless disregard for their truth. First, the evidence shows that defendant's actions were not the product of receiving inaccurate information. Defendant testified that he heard about plaintiff's actions involving the mouthwash from two sheriff's department employees. These employees had allegedly heard about plaintiff's conduct from another employee, who claimed to be present at the time the mouthwash was delivered. Because plaintiff has acknowledged that he did in fact attempt to deliver a medicated, prescription mouthwash to an inmate at the county jail, the information that defendant received was factually accurate. Defendant did not assert that the other employees told him that the mouthwash contained a controlled substance or that its delivery constituted a felony. Therefore, defendant's accusation about plaintiff was not the product of receiving inaccurate information the accuracy of which he simply failed to adequately investigate.

_____

[2] On appeal, plaintiff asks us to find that he was not a public official despite his position as jail administrator arguing that we should limit *Postill* to the facts of that case. However, we find no basis for doing so. "[T]he 'public official' designation applies at the very least to those among the hierarchy of government employees who have, or appear to the public to have, substantial responsibility for or control over the conduct of governmental affairs." *Tomkiewicz v Detroit News, Inc*, 246 Mich App 662, 669; 635 NW2d 36 (2001) (internal citations and quotations omitted). Plaintiff's position as the jail administrator renders him a government employee who would appear to the public as having substantial responsibility over the control of the county jail, the maintenance of which is clearly a governmental affair.

Second, there is evidence that suggests defendant's statement was not a product of his own lack of knowledge or of a misunderstanding. Crucially, in his statement to the Bay County Commissioners, defendant did not use the term "controlled substance" in a casual manner, but he used it in the specific legal context to denote felonious conduct on the part of plaintiff. Defendant acknowledged at his deposition that his former employment with the Bay County Sheriff's Department involved work in a narcotics unit, and, when he was specifically asked whether he knew that the term "controlled substance" had a "specific definition . . . in the law," he responded "Oh yes, absolutely." Defendant went on to testify:

> I know there's [sic] probably three different classes of it. But the idea is it was still a prescription. You have to have a DEA number for that to be issued. That was issued and as a result it is a controlled substance in the form of being administered by a physician and under a DEA number and it be [sic] administered through a prescription. It just can't be taken -- it's not like it was purchased over the counter, you could walk in and bring it, but in accordance with the policies and procedures of the county jail you can't even bring that in because it's a -- it's called, considered contraband.

In short, defendant gave a confident answer when asked if he knew what the term "controlled substance" meant under the law and even provided detail about how the law has different sub-classifications for the term, but he then went on to testify that the truth or falsity of his accusation about plaintiff was grounded not in whether the substance plaintiff delivered met that statutory definition or fit within one of the sub-classifications of a "controlled substance" but that the truth or falsity of his accusation was grounded in whether the substance plaintiff delivered required a prescription to obtain. There are only two explanations for this apparent inconsistency. The first is that defendant was genuinely ignorant and believed that any drug requiring a prescription and having a DEA number is a controlled substance, and its possession is felonious. The second is that defendant was aware that a product must meet a statutory definition and a specific sub-category to be considered a "controlled substance," and that he recklessly disregarded that fact in making the accusation.

A fact-finder may interpret defendant's testimony as evidence of mere ignorance, but it may interpret it as evidence of actual malice. Evidence can be contested and still be clear and convincing. *Kefgen v Davidson*, 241 Mich App 611, 625; 617 NW2d 351 (2000). Furthermore, there is additional circumstantial evidence to support a conclusion that defendant's accusation was not simply the product of ignorance. At the time defendant made the accusation, he was running to be elected Bay County Sheriff against the sitting incumbent. At his deposition, defendant acknowledged that, while waiting to address the commissioners, he told a detective outside the meeting room that his purpose for attending the meeting was to "stir[] the pot." Defendant also acknowledged at his deposition that he made the statements concerning plaintiff as part of his "stirring the pot" strategy. Specifically, defendant's campaign involved highlighting the incumbent sheriff's prolonged absence from his post, and he referred to

plaintiff's conduct as a means of pointing out the "egregious acts" that had occurred during the incumbent's absence.[3]

This evidence surrounding the context in which defendant made his remarks could be viewed by a jury as supporting a conclusion that his statements were not the result of mere ignorance and that his desire to "stir the pot" led him make the accusation that he did despite his own knowledge that he was exaggerating the facts. If a jury viewed the evidence in such fashion, it would provide additional support for a finding of actual malice.

For these reasons, we conclude that the evidence in this case, when viewed in the light most favorable to plaintiff, was sufficient for a jury to find by clear and convincing evidence that defendant made his statement with a reckless disregard for the truth and, therefore, made with actual malice. The trial court erred in granting defendant summary disposition.[4]

Reversed and remanded. We do not retain jurisdiction.


/s/ Jane M. Beckering
/s/ Jane E. Markey
/s/ Douglas B. Shapiro

---

[3] Plaintiff was not a candidate in the election.

[4] Plaintiff also contends in this appeal that the trial court erred in failing to make a more definite determination on which specific aspect of defendant's statements were defamatory as a matter of law. The trial court concluded in its written opinion that defendant's statements were generally defamatory, without addressing which specific aspects of his accusation were included in this finding. While the trial court could have made a more specific ruling, its conclusion was sufficient to address the issues before it.